Document Number 049
Case Number 04-C-0867-C
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
08/23/2005 04:20:08 PM CDT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

        Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

        Defendant.

Civil Action No. 04 C 0867 C

**FILED UNDER SEAL**

### INTERNATIONAL BUSINESS MACHINES CORPORATION'S OPPOSITION TO WARF'S EMERGENCY MOTION FOR ADDITIONAL DISCOVERY PURSUANT TO FED. R. CIV. P. 56(f)

By its "Emergency Motion for Additional Discovery" (the "Motion"), plaintiff Wisconsin Alumni Research Foundation ("WARF") requests that this case be delayed for an unspecified amount of time. Although WARF has been aware of the deadline for filing dispositive motions in this case since January 19, 2005, and has had nearly 7 months to conduct discovery, WARF now asks this Court for additional time to take discovery before opposing IBM's summary judgment motion. WARF's eleventh hour delay tactic should not be countenanced, and WARF's Motion should be denied.

As a preliminary matter, WARF's Motion is procedurally infirm. WARF failed to submit an affidavit in support of its Motion in which it specifically describes how the discovery it requests will enable it to rebut the assertions underlying IBM's motion for

050244-test motion

summary judgment. Under controlling authority, such failure to provide an affidavit provides ample basis for the Court to reject WARF's Motion.

Furthermore, WARF does not – and cannot – proffer any cognizable justification under Rule 56(f) for justifying the delay it seeks. Indeed, WARF explicitly contemplated the discovery now requested and expressly agreed to postpone that discovery until after summary judgment. Furthermore, WARF itself moved for summary judgment on many of the issues for which it now seeks discovery; thus, WARF is hard-pressed to argue – as it must under Rule 56(f) – that it is unable to oppose IBM's motion for summary judgment without additional discovery. Accordingly, WARF's motion should be delayed in its entirety.

## Argument

**I. WARF'S MOTION MUST BE DENIED FOR FAILURE TO FILE AN AFFIDAVIT SPECIFICALLY STATING HOW FURTHER DISCOVERY WILL ENABLE WARF TO REBUT THE ASSERTIONS MADE IN IBM'S MOTION FOR SUMMARY JUDGMENT**

A.   <u>WARF's Failure To File an Affidavit Is Fatal To Its Motion.</u>

WARF's Motion is procedurally infirm, and, thus, subject to denial. Federal Rule of Civil Procedure 56(f) provides:

> Should it appear *from the affidavits of a party opposing the motion* [for summary judgment] that the party cannot *for reasons stated* present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f) (emphasis added). "Based on this language, the courts have found that a party must present an affidavit to the district court in order to be entitled to a determination

under Rule 56(f)." 11 MOORE'S FEDERAL PRACTICE § 56.10 (3d ed. 2005); 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2470, at 397 (1998) ("[a] party who seeks the protection of subdivision (f) must state by affidavit the reasons why he is unable to present the necessary opposing material."). The critical purposes served by this affidavit requirement are "to ensure that the affiant is invoking the protections of Rule 56 in good faith and to afford the trial court the showing necessary to assess the merits of a party's opposition to summary judgment." MOORE'S § 56.10; see Theotokatos v. Sara Lee Personal Prods., 971 F. Supp. 332, 344 (N.D. Ill. 1997) (ruling that an affidavit – though not a separate motion – is necessary under Rule 56(f)).

WARF, however, failed to file an affidavit in support of its Motion. Accordingly, WARF's Motion should be denied on that basis. Woods v. City of Chicago, 234 F.3d 979, 990 (7th Cir. 2000) (holding that the failure to file an affidavit is, by itself, sufficient grounds for denial of a request for further discovery); Chambers v. American Trans Air Inc., 17 F.3d 998, 1002 (7th Cir. 1994).

>    B.   WARF's Motion Must Be Denied Because WARF Has Not Stated Specifically How a Continuance for Further Discovery Will Enable WARF To Rebut the Assertions Contained in IBM's Motion for Summary Judgment.

"A party moving for relief under Rule 56(f) must demonstrate specifically how a continuance for further discovery will enable that party to rebut the assertions contained in the pending summary judgment motion." MOORE'S § 56.10; Otto v. Variable Annuity Life Ins. Co., 814 F.2d 1127, 1138 (7th Cir. 1986) (requiring that a party seeking relief under Rule 56(f) present "valid reasons for the lack of proof and show[] how postponement of a ruling will enable the non-movant to rebut the movant's showing"). In doing so, the movant

- 4 -

"may not simply rely on vague assertions that additional discovery will produce needed but unspecified facts." MOORE'S § 56.10. Rather, the "movant is required to state with some precision the material sought, and exactly how those materials will help in opposing summary judgment." Id. In other words, Rule 56(f) mandates that "the party seeking the continuance must show that it lacks the 'facts essential' to resist the summary judgment motion." McCormick v. Fund American Cos., Inc., 26 F.3d 869, 885 (9th Cir. 1994). Mere assertions that potential discovery will lead to contradictory evidence is not sufficient to satisfy the particularity requirement. See Gemisys Corp. v. Phoenix American Inc., 50 U.S.P.Q.2d 1876, 1888 (N.D. Cal. 1999) ("Gemisys' mere assertion that it believes it will discover through further discovery evidence to contradict Phoenix's witnesses does not satisfy the requirement under Rule 56(f) that Gemisys set forth the specific facts it seeks and attest that those facts exist.").

WARF has made no attempt to demonstrate how the wide-ranging expert discovery it seeks will enable it to rebut any of the assertions contained in IBM's pending summary judgment motion. WARF states only that it hopes to "elicit testimony on, *inter alia*, the following issues, all of which are relevant to the issues raised on summary judgment by IBM." (Motion ¶ 7.) WARF then lists various broad categories of information – ranging from opinions presented in expert reports to the construction of relevant claim limitations – about which it plans to depose IBM's experts. (Id.) WARF does not specify any particular facts that it plans to discover from the requested expert depositions, and WARF does not explain "exactly how those [facts] will help in opposing" IBM's motion for summary

judgment. Thus, because WARF has not made the requisite threshold showing, WARF's Motion must be denied.

## II. WARF'S MOTION MUST BE DENIED – AND THE PROGRESS IN THIS CASE SHOULD NOT BE DELAYED – BECAUSE IBM'S MOTION FOR SUMMARY JUDGMENT WAS NOT PREMATURE.

"The purpose of [Rule 56(f)] is to provide a safeguard against an improvident or premature grant of summary judgment." WRIGHT & MILLER § 2470. Thus, the majority of continuances granted under Rule 56(f) involve cases in which one party has exclusive knowledge of the relevant facts and that party has moved for summary judgment early in the pendency of the case. See id. On the other hand, continuances are not granted, and "the courts will not delay a case, to allow discovery when the discovery sought could have been instituted earlier." Id. Indeed, because a party seeking to recover on a claim may move for summary judgment "at any time after the expiration of 20 days from the commencement of the action," Fed. R. Civ. P. 56(a), "the fact that discovery is not complete – indeed, has not begun – need not defeat [a summary judgment] motion." Chambers, 17 F.3d 998, 1002 (7th Cir. 1994) (quoting American Nurses Ass'n v. Illinois, 783 F.2d 716, 719 (7th Cir. 1986) (internal quotation marks omitted)).

This is certainly not a case in which IBM prematurely moved for summary judgment without affording WARF the opportunity to conduct discovery. To the contrary, IBM moved for summary judgment on the last day that it was permitted to do so pursuant to this Court's order of January 19, 2005.

Moreover, WARF does not – and cannot – contend that it would be prejudiced by the denial of the instant discovery Motion. As a preliminary matter, WARF explicitly

050244-test motion

contemplated the discovery now requested and expressly agreed to postpone that discovery until after summary judgment.  Furthermore, because WARF cross-moved for summary judgment on many of the same issues on which it now seeks discovery, WARF would be hard-pressed to argue – as it must under Rule 56(f) – that it is unable to oppose IBM's motion for summary judgment without first obtaining the requested discovery.  For these reasons, WARF's Motion for a continuance under Rule 56(f) must be denied.

     A.     WARF Expressly Agreed To Postpone the Discovery it Now Seeks Until After Summary Judgment.

Rule 56(f) motions are most often denied where a party had "prior opportunity to discover the information" sought.  MOORE'S § 56.10.  Here, not only did WARF have a prior opportunity to discover the information it now seeks, it explicitly contemplated the very discovery requested in its Motion and agreed that such discovery should occur after summary judgment.

Specifically, WARF and IBM agreed that each expert should be deposed only once and only after all rebuttal expert reports were exchanged.[1]  (Declaration of Melissa J. Baily (the "Baily Decl.") ¶ 3.)  After the parties exchanged opening expert reports, WARF sought to conduct the depositions of IBM's proposed experts.  Id. ¶ 2.  Following meet and confer discussions, the parties agreed that expert depositions would take place only after the

---

[1] The agreement between WARF and IBM did not pertain to fact witnesses.  As a result, IBM offered to make certain fact witnesses available for deposition this week.  (Baily Decl. ¶ 8.)  It should be noted, however, that IBM was under no obligation to do so, as WARF had ample time to conduct both fact and expert discovery prior to the filing of IBM's dispositive motion.  See WRIGHT & MILLER § 2470 ("A claim of ignorance of the truth of the allegations in the moving party's Rule 56(e) affidavits is . . . insufficient for a continuance under subdivision (f) if the party has had a reasonable opportunity for discovery.").

exchange of rebuttal expert reports.  Id. ¶ 3.  George Summerfield, representing WARF, stated the agreement as follows:

> With regard to expert depositions, I am amenable to having those occur <u>after all rebuttal reports are in</u>, as long as there is agreement that reports can be amended in light of elicited deposition testimony pursuant to Rule 26(e).

(Id. ¶ 4 & Ex. A (emphasis added).)  IBM then confirmed the agreement.  (Id. ¶ 5 & Ex. B.) The scope of the agreement was never limited.  (Id. ¶ 6 & Ex. C.)  Furthermore, with the August 5 deadline for filing dispositive motions firmly set by the Court in its pretrial order, WARF and IBM entered into a <u>July 28, 2005 stipulation</u> that confirmed that the final exchange of rebuttal expert reports would take place on October 28, 2005 with expert depositions being conducted during the following week.  (Baily Decl. ¶ 7 & Ex. D.)

Indeed, in its Motion, WARF acknowledges that an agreement was reached between the parties "regarding the deposition of experts."  (Motion ¶ 4.)  WARF now attempts to re-write that agreement – which expressly provided that expert depositions would take place only once and only after summary judgment – by limiting that agreement to depositions "*pertaining to their respective expert reports*."  (Id.) (emphasis in the original).  As shown above, however, WARF's newly conceived limitation is nowhere in the record.  Accordingly, WARF's blatant attempt to rewrite the parties' agreement should be rejected.

Moreover, even if the agreement were so limited, the discovery WARF now seeks by its Motion to delay is the very same discovery that WARF agreed should occur at the end of the discovery period – namely, the deposition of experts regarding their opinions as stated in their expert reports and as re-stated, in part, by IBM's summary judgment motion.  In particular, WARF's Motion makes clear that it seeks to conduct discovery concerning the

contents of IBM's expert reports.  (See, e.g., Motion at ¶ 7 ("the information considered by Dr. Sinclair in formulating his opinions expressed in his expert report") (emphasis added).) Accordingly, because WARF has expressly agreed – on several occasions – that it would conduct expert depositions after summary judgment, WARF's Motion should be denied.

    B.    <u>WARF Moved for Summary Judgment on the Same Issues on Which it Now Claims To Require Further Discovery.</u>

On August 5, 2005, the parties cross-moved for summary judgment concerning, among other topics, invalidity and non-infringement.[2]  In its cross-motion, WARF argued that the undisputed facts demonstrate that the '094 Patent is valid and infringed.  Now, by its Rule 56(f) motion, WARF contends exactly the opposite – that it needs additional discovery before it can set forth any facts that would allow it to survive IBM's summary judgment motion by creating a factual issue as to whether the '094 Patent is invalid and not infringed.  WARF cannot have it both ways; and, in recognition of just such an impermissible scenario, "the courts have found that the filing of a cross-motion for summary judgment almost always indicates that the moving party would not be prejudiced by a lack of discovery." MOORE'S § 56.10.  Thus, this provides an independent basis for denying WARF's Motion.

### Conclusion

For all the foregoing reasons, IBM respectfully requests that WARF's Motion for Additional Discovery be denied.

---

[2] IBM also moved for summary judgment relating to its inequitable conduct claim.  WARF chose not to submit a rebuttal expert report on this subject and has, instead, moved to strike IBM's expert report on this subject.  By its Motions, WARF appears to seek to avoid having to respond to IBM's summary judgment motion relating to inequitable conduct.

050244-test motion

- 9 -

                                              **MURPHY DESMOND S.C.**

Dated: August 23, 2005        By:_ /s/ Brittany S. Ogden
                                                  Stephen L. Morgan (Bar #1015099)
                                                  Brittany S. Ogden (Bar # 1035853)
                                                  Manchester Place
                                                  2 East Mifflin Street, Suite 800
                                                  Madison, Wisconsin  53703
                                                  Telephone: (608) 268-5572
                                                  Facsimile: (608) 257-2508

                                                  Charles K. Verhoeven
                                                  Melissa J. Baily
                                                  QUINN EMANUEL URQUHART
                                                  OLIVER & HEDGES, LLP
                                                  50 California Street, 22nd Floor
                                                  San Francisco, California  94111
                                                  Telephone: (415) 875-6600
                                                  Facsimile: (415) 875-6700

                                                  Robert W. Stone
                                                  QUINN EMANUEL URQUHART
                                                  OLIVER & HEDGES, LLP
                                                  555 Twin Dolphin Drive, Suite 560
                                                  Redwood Shores, California 94065
                                                  Telephone: (650) 801-5000
                                                  Facsimile: (650) 801-5100

                                                  Attorneys for Defendant and Counterclaim
                                                  Plaintiff International Business Machines
                                                  Corporation